**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLY PINK HARDIN, #1443881,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-0974-D-BK** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under

28 U.S.C. § 2254.  (Doc. 3).  Respondent requests that the petition be dismissed on limitations

grounds, and Petitioner has objected.  (Doc. 7, 10, 11, 17).  For the reasons that follow, it is

recommended that Respondent's request be denied.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On May 14, 2007, Petitioner was convicted of aggravated robbery and was sentenced to

seventy-five years' imprisonment.  *State v. Hardin*, No. F05-58165, (194th Judicial District

Court, Dallas County, May 14, 2007), *aff'd*, No. 05-07-00682-CR, 2008 WL 2190984 (Tex.

App. - Dallas May 28, 2008, pet. dism'd).  The state court of appeals denied Petitioner's motion

for rehearing on September 18, 2008, and the Texas Court of Criminal Appeals (TCCA)

dismissed his petition for discretionary review (PDR) as untimely on September 2, 2009.  *Hardin*

*v. State*, PDR No. 0866-08 (Tex. Crim. App. Sep. 2, 2009).  The TCCA subsequently rejected

Petitioner's state habeas applications.  *See Ex parte Hardin*, Nos. WR-72,648-02 (Tex. Crim.

App. Jun. 6, 2012) (denying state habeas application seeking out-of-time PDR) (Doc. 9-21); *Ex*

1

*parte Hardin*, Nos. WR-72,648-03 (Tex. Crim. App. Feb. 20, 2013) (denying state habeas application challenging conviction) (Doc. 9-23).[1]  On March 3, 2013, Petitioner filed the federal petition presently at issue, alleging eight grounds for relief.  (Doc. 3 at 7-10).

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  In this case, the one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).

Respondent asserts that Petitioner's conviction became final on October 18, 2008, 30 days after the state court of appeals denied his motion for rehearing on September 18, 2008. (Doc. 7 at 6-7).  However, after seeking several extensions of time, Petitioner timely filed a PDR on March 13, 2009.  (Doc. 9-1 at 1).  Although the TCCA struck the PDR on April 22, 2009, because it did not comply with technical requirements, it granted Petitioner 30 days to submit a "redrawn" PDR.  (Doc. 9-21 at 53).  Following additional extensions of time, Petitioner correctly asserts that he had until August 17, 2009, to re-submit his redrawn PDR.  (Doc. 10 at 7).  Yet, due to matters outside of his control, Petitioner was unable to meet that deadline, and on September 2, 2009, the TCCA dismissed the "re-drawn" PDR as untimely.  *See Hardin v. State*, No. PD-0866-08 (Tex. Crim. App. 2009).[2]

When, as here, a petitioner seeks to extend the time to file a PDR, his conviction becomes final on the last day on which he could have filed a timely PDR.  *See Dolan v. Dretke*, 168 Fed.

---

[1] Respondent filed the state court record electronically.  (Doc. 9).

[2] The Court takes judicial notice of the dismissal date on the online docket sheet.

Appx. 10, 11 (5th Cir. 2006) (unpublished *per curiam*) (because PDR is part of the direct review process under Texas law, a conviction is final upon expiration of extension of time for filing PDR); *Smith v. Thaler*, No. 3:11-CV-1485-D, 2013 WL 1760871 *2 (N.D. Tex. Mar. 6, 2013) (conviction final on the last day on which petitioner could have filed a timely PDR following extension granted by TCCA), *recommendation adopted*, 2013 WL 1760946 (N.D. Tex. Apr. 24, 2013); *Tepp v. Quarterman*, No. 4:06-CV-284-A, 2007 WL 3238654 *2-3 (N.D. Tex. Oct. 31, 2007) (same).   Petitioner had until August 17, 2009, to file his re-drawn PDR, but because he was unable to meet that deadline, his conviction became final on August 17, 2009, and the one-year period for seeking federal habeas relief began to run the following day.

Thus, as of the filing of Petitioner's first state habeas application on April 22, 2010, 247 days of the one-year period had elapsed.   (Doc. 10-5 at 16; Doc. 10-8 at 17).[3]   The application remained pending until its denial on June 6, 2012, during which time the one-year period was tolled.   *See* 28 U.S.C. § 2244(d)(2).[4]   The one year-period resumed running on June 7, 2012, and an additional 72 days elapsed until Petitioner filed his second state application on August 24, 2012.   That application also remained pending until its denial on February 20, 2013, during which time the one-year period was again tolled.   The one year-period resumed running for the

---

[3] The state applications are deemed filed on April 22, 2010, and August 18, 2012, the dates on which Petitioner signed them and most probably handed them to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. Mar. 5, 2013) (holding prison mailbox rule applies to state habeas application).

[4] Even though the first state application unsuccessfully sought an out-of-time PDR, it was a "properly filed application for State post-conviction or other collateral review" and, thus, it qualifies for statutory tolling under section 2244(d)(2).  *See Wall v. Kholi*, ___ U.S. ___, 131 S. Ct. 1278, 1289 (2011) (defining "'collateral review' according to its ordinary meaning:  It refers to judicial review that occurs in a proceeding outside of the direct review process.").

last time on February 21, 2013, and Petitioner timely filed this federal petition ten days later on

March 3, 2013.[5]  Accordingly, the federal petition is timely.[6]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Respondent's request to dismiss the

petition for writ of habeas corpus as untimely (Doc. 7) be **DENIED**.[7]

SIGNED September 6, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] The federal petition is deemed filed on March 3, 2013, when Petitioner signed the same.  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[6] Having concluded that the petition is timely, the Court need not address Petitioner's additional arguments that a state-created impediment prevented timely filing, and that he is entitled to statutory and equitable tolling.

[7] Contemporaneous with this recommendation, the undersigned orders Respondent to answer on the merits in compliance with Rule 5(b), of the Rules Governing Section 2254 Proceedings.  (*See* Doc. 4).

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5