IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY PINK HARDIN, #1443881, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-0974-D-BK |
| | § | |
| WILLIAMS STEPHENS, Director TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

On May 14, 2007, Petitioner was convicted of aggravated robbery and, with the enhancement of two prior convictions, was sentenced to 75 years' imprisonment. *State v. Hardin*, No. F05-58165, (194th Judicial District Court, Dallas County, May 14, 2007), *aff'd*, No. 05-07-00682-CR, 2008 WL 2190984 (Tex. App. - Dallas May 28, 2008, pet. dism'd). The Texas Court of Criminal Appeals denied his state habeas application. *Ex parte Hardin*, Nos. WR-72,648-03 (Tex. Crim. App. Feb. 20, 2013) (denying state habeas relief) [Doc. 9-23]. In this timely federal petition, Petitioner alleges denial of counsel due to a conflict of interest, insufficiency of the evidence, police and prosecutorial misconduct, improper sentencing enhancement, defective jury charge, and ineffective assistance of counsel at trial and on appeal.

[Doc. 3 at 7-10]. Respondent argues the petition lacks merit, and Petitioner has filed a reply.[1]
[Doc. 31; Doc. 32].

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet" as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786, 788 (2011); Woodford, 537 U.S. at 24 (citation and internal quotation marks omitted).

Moreover, the Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under Strickland v. Washington, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" Cullen v. Pinholster, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable." Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 785 (2011).

---

[1] Petitioner's 40-page reply [Doc. 32] exceeds the ten-page limit for replies set out in Local Civil Rule 7.2(c). For the sake of expediency, however, the Court has not unfiled the reply.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

<u>Denial of Counsel Due to Conflict of Interest</u> (Claim 1)

Petitioner asserts he was denied counsel because (1) defense counsel "unethically accepted [his] case" and then "failed to withdraw due to irreconcilable differences," which created a conflict of interest, and (2) the court failed to inquire into the violation of his constitutional rights. [Doc. 3 at 7]. According to Petitioner, the irreconcilable differences stemmed from counsel's repeated attempts "to persuade Petitioner to plead guilty to the aggravated robbery charges, although Petitioner adamantly protested [his] innocence." [Doc. 3 at 7]. Petitioner also claims that their differences, which were known to the state trial court, affected "counsel's professional [and] ethical duties as counsel's self-interests conflicted with said representation." [Doc. 3 at 7].

The state habeas judge (who was also the trial judge) rejected Petitioner's assertions, relying on counsel's affidavit which he found credible. [Doc. 9-23 at 94]. With respect to the

alleged conflict of interest, counsel affirmed that he was Petitioner's "fourth court appointed attorney" and was appointed to represent Petitioner "when it became apparent that [his] case would have to be tried." [Doc. 9-23 at 100]. Although he claimed that he "never had any conflict of interest in representing" Petitioner, counsel admitted always giving Petitioner his "honest advice and opinions about his case and how he would advise him to proceed." [Doc. 9-23 at 100]. Petitioner, however, "stubbornly refused to listen to or accept [counsel's] assessments of his case and how he would most likely come out if he chose to go to trial by jury." [Doc. 9-23 at 100]. According to counsel, Petitioner also "refused to consider or accept a plea bargain that would have resulted in a much lighter sentence, ignoring [his] advice that it was clearly a better option than going to trial." [Doc. 9-23 at 100].

Petitioner has not shown that counsel's performance was deficient and that it prejudiced him. *See Beets v. Scott*, 65 F.3d 1258, 1265-1273 (5th Cir. 1995) (*Strickland* standard applies to conflicts that impinge on counsel's loyalty). He simply claims that counsel strongly disapproved of his decision to exercise his right to jury trial, which counsel referred to as "incarceration suicide." [Doc. 32 at 11]. He also states that counsel "persistently pressured him . . . to plea[d] guilty" and that "counsel's own self-interests collided with [his] representation." [Doc. 32 at 11]. However, that notwithstanding, the record reflects that once Petitioner decided to proceed to trial, counsel actively defended him. Moreover, at the close of the state's case, and again at sentencing, Petitioner acknowledged that he was satisfied with his counsel's efforts and that counsel had done everything that Petitioner had asked him to do. [Doc. 9-15 at 10, 26 (4 RR at 21-22, 84-86)].[2]

---

[2] None of Petitioner's claims raise a conflict of interest stemming from multiple representation as in *Cuyler v. Sullivan*, 446 U.S. 335, 345-350 (1980) (presuming prejudice where a "defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict

Moreover, apart from his conclusory assertions, Petitioner has failed to provide evidence of any conflict or that his counsel's loyalties were compromised. Contrary to his arguments, this case does not involve an irreconcilable conflict as in *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000), where there was a total breakdown in communication, counsel was hostile, and the defendant and defense counsel disagreed over the only evidence in the prosecutor's case that could link the defendant to the crime. [Doc. 32 at 11]. Likewise, this case does not implicate a situation as in *United States v. Ellison*, 798 F.2d 1102, 1107 (7th Cir. 1986), and *Lopez v. Scully*, 58 F.3d 38 (2nd Cir. 1995), where counsel was unable to pursue his client's best interest because of concerns over possible self-incrimination or ethical violations, and where counsel had to testify against his client, leaving the defendant without effective representation. [Doc. 32 at 12].[3]

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel. The state court's denial of relief on his claim that he was denied counsel due to a conflict of interest was a reasonable application of federal law. Accordingly, the first claim fails.

Sufficiency of Evidence (Claim 2)

Next, Petitioner alleges the evidence presented at trial was insufficient to support the jury's verdict because the State failed to prove that he knowingly or intentionally committed aggravated robbery as a primary actor or as a party in the robbery. [Doc. 7 at 7]. He claims

---

of interest adversely affected his lawyer's performance.'"). Furthermore, while pages 13-16 of volume 2 of the Reporter's Record are missing, it appears that counsel made the "incarceration suicide" comment during a *sub rosa* examination, outside of the presence of the jury, to explore Petitioner's decision to reject the plea agreement and proceed to trial, and not due to any conflict of interest. [Doc. 9-13 at 5] (2 RR 11-12)]. Accordingly, contemporaneous with this recommendation, the Court denies as moot Petitioner's motion for evidentiary hearing to obtain the above missing pages of the state court record. [Doc. 35].

[3] Petitioner's reliance on *Guy v. Cockrell*, 343 F.3d 348 (5th Cir. 2003), which involved a conflict of interest as a result of a romantic relationship between the defense investigator and a family member of the murder victim, and *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000), which addressed a conflict as a result of multiple representation, are inapposite.

Page **5** of **17**

there was no evidence that he knew his codefendants were going to rob the store, that he solicited, encouraged, aided or attempted to aid his co-defendants, and that he used a deadly weapon or knew that one would be used. *Id.* However, a state prisoner is entitled to habeas corpus relief only if a court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324 (1979).

Applying *Jackson*'s standard, the Texas Fifth Court of Appeals rejected Petitioner's challenge and found the evidence legally and factually sufficient to support his conviction:

> There was evidence presented that appellant drove Rose and Cummings to a store that was not in their neighborhood, passing several other stores along the way. Appellant waited in the car while Rose and Cummings robbed the store, then appellant drove around the block and picked up Rose and Cummings after the robbery. After appellant took Cummings to the hospital, he drove to his girlfriend's house, cleaned bloodstains from the back seat, and hid a gun that was used in the robbery inside the girlfriend's house. The police found several items in appellant's car that are commonly used in robberies, such as a ski mask, bandana, and gloves. Appellant initially told the police that he was alone in the car and just happened to pick up an injured man. However, appellant signed a written statement that said Rose was a long-time friend who asked him for a ride to the store, and appellant drove both Rose and Cummings to the store. In his statement, appellant claimed he drove away from the store when he heard the gunshots, but he went around the block and picked up Rose and Cummings after he saw them walking down the street.

*Hardin v. State,* 2008 WL 2190984 *4.

The Court rejects Petitioner's invitation to re-evaluate the evidence presented at trial. [Doc. 32 at 16]. "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A federal habeas corpus court may not substitute its view of the evidence for that of the

Page **6** of **17**

fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

Here, the State's evidence, viewed in the light most favorable to the prosecution, was more than sufficient to permit a rational jury to find Petitioner committed aggravated robbery. *Jackson*, 443 U.S. at 318. Accordingly, this claim fails.[4]

## Police Misconduct (Claim 3)

Petitioner asserts the police destroyed potentially useful evidence in bad faith by not recording his oral statements during two police interviews as required by TEX. CODE OF CRIM. PROC. Art. 38.22, § 3(a). [Doc. 3 at 7; Doc. 32 at 20]. The oral statements, to which Petitioner repeatedly refers in his pleadings, appear to relate to the initial story that he first gave to Detectives Bland and Perez (that he was by himself, driving an individual that he did not know to the hospital), and that he later contradicted in his written statement/confession. *Hardin*, 2008 WL 2190984 *2.

Notwithstanding the procedural default noted by the state court, Petitioner's claim is meritless.[5] To the extent he contends that art. 38.22 was not followed, violations of state law

---

[4] The Court declines Petitioner's request to review his claim "unrestrained by AEDPA deference" because it predated *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010), which overruled the factual-sufficiency-of-the-evidence standard, and upheld the *Jackson*'s legal-sufficiency-of-the-evidence standard as the only standard to determine sufficiency of the evidence. [Doc. 32 at 14]. However, unlike *Brooks*, the court of appeals found the evidence in Petitioner's case legally and factually sufficient to support his aggravated robbery conviction and, thus, the factual sufficiency standard did not have any effect on the court's application of the *Jackson*'s standard. Compare *Brooks*, 323 S.W.3d at 912.

[5] The state habeas court found this claim procedurally barred because not raised on direct appeal. [Doc. 9-23 at 95]. See *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (*Gardner* rule, that record-based claim not raised on direct appeal will not be considered in habeas proceedings, was an adequate state ground capable of barring federal habeas review). While Petitioner admits the claim was not raised on direct appeal, he asserts the ineffective assistance of trial and appellate counsel as cause and prejudice to excuse his procedural default. [Doc. 32 at 17-18].

alone do not provide grounds for federal habeas relief.[6]  *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).  Federal habeas relief is available only for the vindication of rights existing under federal law.  *Id.*  In addition, even assuming a violation of state law, Petitioner has not shown a violation of his due process rights that rendered his trial fundamentally unfair.  *Id.* ("When there has been a violation of state procedure, the proper inquiry is whether there has been a constitutional infraction of defendant's due process rights that would render the trial as a whole fundamentally unfair.") (quotations and quoted case omitted).  His pleadings are silent about any due process violation, and merely complain that the police officers made no audio/video recording and did not prepare a police report.  (Doc. 3 at 7; Doc. 32 at 19-21).  Because Petitioner has not presented a valid basis for federal habeas relief, this claim lacks merit.

The state court's determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law.  Therefore, this claim fails.[7]

### Prosecutorial Misconduct (Claim 4)

Petitioner asserts a due process violation as a result of the prosecutor's failure to correct false impressions left by police's testimony at trial, namely that he was a good friend of co-defendant Rose.  [Doc. 3 at 8].  He contends the prosecutor failed to disclose the existence of co-defendant Rose's letter, which sought to cut a deal with the prosecutor in exchange for testimony against Petitioner, and which would have cast doubt on the State's theory that Petitioner and

---

[6] In federal court, there is no requirement that oral statements to the police be recorded.  *Cf. United States v. Sonderup*, 639 F.2d 294, 297 and n. 3 (5th Cir. 1981) (noting that defendant mistakenly believed that his oral statements to the federal agent would not be admissible, as is usually the case under art. 38.22); *United States v. Faultry*, 2006 WL 1544512 *4 (S.D. Tex. June 1, 2006) (failure to electronically record an accused's oral statement under art. 38.22, § 3(a) did not violate the Fourth Amendment).

[7] *See also* Claim 7 *infra*, addressing Petitioner's assertion that counsel rendered ineffective assistance at trial in failing to object to the Detectives recounting Petitioner's oral statements.

Rose were "good friends" and planned the robbery together. [Doc. 3 at 8; Doc. 36 at 3-4]. Petitioner also claims the State suppressed DNA evidence, which was conducted on several items, and that either excluded him or was inconclusive. [Doc. 3 at 8; Doc. 36 at 4].

The state habeas court rejected the above assertions, finding that Petitioner "failed to provide sufficient proof of his claims that the State committed any act of prosecutorial misconduct." [Doc. 9-23 at 95]. Petitioner has not shown that the state court's determination was either contrary to, or involved an unreasonable application, of clearly established federal law. He has provided no proof in support of either of his claims and simply relies on his sworn assertions submitted to the state court. [Doc. 32 at 24-25]. Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Moreover, the police's testimony was based on Petitioner's written statement/confession that Rose was his "old friend." [Doc. 9-14 at 38 (3 RR at 131)]. Petitioner has not established that any false or misleading testimony/evidence was admitted at trial. *See* Knox v. Johnson, 224 F.3d 470, 477 (5th Cir. 2000) (quoting Giglio v. United States, 405 U.S. 150, 153 (1972)) (to prove a Due Process Clause violation based on the state's reliance on false testimony, the defendant must establish: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false."); *see also* Napue v. Illinois, 360 U.S. 264, 269, 271 (1959). In addition, because Rose did not testify at trial, any letter he may have written to the prosecutor could not have adversely affected Petitioner's trial. Likewise, since Petitioner drove the getaway car, it is likely that any DNA tests performed on the

back seat of the car or items found there would <u>not</u> have contained his DNA.  Accordingly, this claim fails.[8]

### Defective Indictment (Claim 5)

Petitioner asserts that he "is legally innocent of being a habitual criminal offender" because the state failed to allege a chronology of his prior convictions in the indictment. [Doc. 3 at 8].  The state habeas court denied relief, noting Petitioner pled true to the enhancement paragraph, did not object to this issue at trial, and did not raise the issue on direct appeal.  [Doc. 9-23 at 79-80].

Notwithstanding the procedural default noted by the state court[9], Petitioner's claim is meritless.  He has not alleged, much less established, that the state indictment was so flawed that it deprived the trial court of jurisdiction.  See McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994) ("The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction."). Moreover, because Petitioner pled true to the enhancement paragraphs, he waived any challenge to the enhancement.  See Randle v. Scott, 43 F.3d 221, 226 (5th Cir. 1995).  Because the state court's determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law, this claim fails.

### Defective Jury Charge (Claim 6)

Petitioner contends he was deprived of his right to due process and a fair trial due to a defective jury charge, which he claims deprived the jury of the opportunity to consider the

---

[8] Contemporaneously with this recommendation, the Court denies as moot Petitioner's request for limited discovery to obtain Rose's letter and the inconclusive DNA result, insofar as they exist. [Doc. 36 at 7, 11, 14].

[9] *See, e.g., Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) (Texas contemporaneous objection is "an adequate and independent state procedural barrier to federal habeas review")

voluntariness of his confession to the police.[10] [Doc. 3 at 8; Doc. 32 at 30-31]. The state habeas court denied relief because Petitioner "did not raise any issue regarding the court's charge in his direct appeal" and, thus, the claim could not "be considered in [his] writ of habeas corpus." [Doc. 9-23 at 97]. Despite this procedural default, the claim lacks merit. Based on the evidence and testimony presented at the suppression hearing, Petitioner cannot show "prejudice of a constitutional magnitude." Galvan v. Cockrell, 293 F.3d 760, 764-65 (5th Cir. 2002) ("Improper jury instructions . . . do not generally form the basis for federal habeas relief." The proper inquiry is whether "there was prejudice of constitutional magnitude."). Even assuming the jury instructions were faulty, any error was harmless because, in light of the strong evidence, the verdict would have been the same. Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 623–24 (1993) (a constitutional error is not harmless if it "had substantial and injurious effect or influence in determining the jury's verdict").

Petitioner cannot demonstrate the state court's decision rejecting this claim was contrary to or an unreasonable application of clearly established federal law. Therefore, this claim also fails.

Ineffective Assistance of Counsel (Claim 7)

Next, Petitioner challenges the assistance of counsel prior to and at trial. [Doc. 3 at 9]. Although he initially pled only conclusory claims, he later supplemented claim 7 with the same assertions raised in his state habeas application.[11]

---

[10] Contrary to Respondent's assertions, Petitioner exhausted this claim by raising it in his state habeas application. [Doc. 9-23 at 24]. Contemporaneous with this recommendation, the Court denies as moot Petitioner's motion for evidentiary hearing to obtain missing pages from the state court record to establish this claim is exhausted. [Doc. 35].

[11] Because Petitioner seeks to supplement only claim 7, and has not submitted a proposed amended petition re-alleging all of his claims as required by Local Rule 15.1, the Court liberally

The state habeas court rejected Petitioner's claims based on counsel's affidavit:

b. Mr. Johnson indicates he 'conducted a thorough and complete pretrial discovery leading up to his trial.'
c. Mr. Johnson indicates 'the decision to make or not make an opening statement is simply a matter of trial strategy, as is the decision as to whether to make objections to every piece of evidence that is offered, depending on its evidentiary harm to my client.'
d. Mr. Johnson states regarding the claim to not cross-examine certain witnesses that 'several witnesses testified to facts that were not being in any way disputed, and clearly no cross-examination would have benefitted Mr. Hardin.'
e. Mr. Johnson states that 'the jury charge correctly stated the law as it applied to the case.'
f. Mr. Johnson states that he 'called the defense witnesses Mr. Hardin requested and vigorously fought on behalf of Mr. Hardin throughout the trial and arguments.'

[Doc. 9-23 at 94-95].

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. He asserts counsel failed to file various pretrial motions, namely (1) to suppress oral/written statements to the police," (2) to preserve "custodial interrogation evidence," (3) to seek "financial/expert assistance to hire forensic psychologist [to testify] on coercive police techniques," (4) to request "entry of independent findings on voluntariness of [Petitioner's] statements," and (5) "to quash enhancement count." [Doc. 3 at 9]. In his supplemental petition, he states he was "pursued and detained by 'high risk apprehension unit officers' of the DPD, . . . transported in back of patrol car to police station for immediate custodial interrogation," and then interrogated for about two hours until he gave a written statement that was admitted and considered by the jury. [Doc. 34-1 at 3]. Petitioner also claims that the police coerced him to cooperate with bogus promises of a reduced crime. [Doc. 34-1 at 3].

---

construes his request as a motion to supplement and grants the same contemporaneously with this recommendation. [Doc. 34].

It is well established that "[t]he filing of pretrial motions falls squarely within the ambit of trial strategy." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Here, as Petitioner concedes, counsel filed an "Omnibus Pretrial Motion" and the trial court admitted Petitioner's written statement to the police after holding a suppression hearing. [Doc. 9-10 at 42 (Clerk's Record (CR) at 39)]. Petitioner has not indicated how other motions would have led to a different result in his case. "Counsel is not required to engage in the filing of futile motions." *Maggio*, 736 F.2d at 283.

Likewise, Petitioner's contention that counsel failed to investigate and discover legal issues regarding the enhancement paragraphs in the indictment is unsupported and conclusory. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial"). Petitioner also vaguely challenges the "notice and chronology/sequence of [the] second prior conviction." [Doc. 34-1 at 3]. Yet, as Respondent correctly notes, the enhancement paragraphs properly noted that Petitioner was convicted of theft on June 11, 1992, that prior to that conviction he was convicted of the felony offense of attempted burglary of a habitation on October 17, 1990, and that both convictions were final. [Doc. 9-10 at 5]. Petitioner has not alleged, much less established, how the enhancement paragraphs were deficient and what type of objection counsel could have raised. *See Ross*, 694 F.2d at 1011 ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

Petitioner's numerous assertions of ineffective assistance of counsel at trial fare no better. [Doc. 34-1 at 4-9]. While counsel waived the opportunity to present an opening statement, his decision falls within the zone of trial strategy. *Maggio*, 736 F.2d at 283. Moreover, Petitioner

has not shown or even alleged any prejudice as a result of counsel's decision not to present an opening argument. Likewise, counsel's failure to cross-examine four prosecution witnesses did not prejudice Petitioner because their testimony about the identity of the two robbers and evidentiary items was undisputed. Similarly, even if counsel was deficient in failing to object to Petitioner's oral statements to the police and to the State's failure to establish a proper chain of custody as to evidentiary items admitted at trial (i.e., hospital video, ski mask and clothing worn by co-defendant, handgun, and cartridges), Petitioner has not established a reasonable probability that the result of the proceeding would have been different. Nor has he shown any prejudice as a result of counsel's failure to object to the jury charge because it "applied [the] abstract law of parties," omitted key words, erred in including numerous disjunctive words, and failed to include a special instruction on the voluntariness of his written statement to the police. [Doc. 34-1 at 6-7]. *See Galvan v. Cockrell*, 293 F.3d 760, 765-766 (5th Cir. 2002) (failure to object to an instruction is not ineffective assistance where the instruction had no substantial or injurious effect or influence in determining the jury's verdict).

In addition, counsel's decision not to hire or call an expert witness to testify about illegal "custodial interrogation techniques" [Doc. 34-1 at 5] is entitled to deference as reasonable trial strategy. *See Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993) (counsel's decision not to hire an expert fell "within realm of trial strategy"). Moreover, Petitioner does not present any evidence that an expert would have testified at trial and that the testimony would have been favorable. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) ("[T]o demonstrate the requisite Strickland prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial.") (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

Additionally, even assuming deficient performance, Petitioner has wholly failed to show prejudice as a result of counsel's advice to plead true to the enhancement paragraphs, and counsel's failure to object to the jury charge at punishment. [Doc. 34-1 at 3, 7]. During a *sub rosa* examination (outside of the presence of the jury), and prior to entering his pleas of true to the enhancement paragraphs, Petitioner admitted that it would be useless to call a fingerprint expert to testify and that he wished to stipulate to the prior convictions. [Doc. 9-15 at 26 (4 RR at 83-84)]. Likewise, the bare assertion that counsel failed to object to the jury charge at punishment based on lack of "chronology/sequence of second prior conviction" [Doc. 34-1 at 7] is wholly conclusory. See *Ross*, 694 F.2d at 1011.

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial. The state court's denial of relief on these grounds was a reasonable application of federal law. Accordingly, these claims lack merit.

### Ineffective Assistance of Counsel on Appeal (Claim 8)

Lastly, Petitioner asserts his appellate counsel rendered ineffective assistance in failing to raise on direct appeal the claims alleged in his federal petition. The state habeas court rejected Petitioner's assertions on the basis of appellate counsel's affidavit, which it found credible. [Doc. 9-23 at 96]. Appellate counsel affirmed that she "scoured the records for all issues that [she] felt in [her] professional opinion were meritorious and raised several grounds of error on appeal." [Doc. 9-23 at 103].

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. See *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland v. Washington* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in

order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

Here, as noted above, the issues Petitioner sought to raise on appeal had no merit. Consequently, appellate counsel was not deficient in failing to raise them on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim."). Because Petitioner cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, his claim fails.[12]

Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing "to show that his trial wasn't fair and that he is actual[ly] innocent of the charge." [Doc. 32 at 1]. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

---

[12] Petitioner also asserts ineffective assistance as a result of trial counsel's failure to withdraw after the jury verdict, and appellate counsel's failure to file an amended motion for new trial that raised the ineffective assistance of his trial counsel and the claims alleged in his federal petition. However, because his claims lack merit, he has shown neither deficient performance nor prejudice.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED March 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE