IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY PINK HARDIN, #1443881, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-0974-D |
| § | |
| DIRECTOR TDCJ-CID, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION
AND ORDER

Construing petitioner Billy Pink Hardin's ("Hardin's) May 20, 2022 *pro se* motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) and motion for court-ordered response as a successive habeas application, the application is transferred to the United States Court of Appeals for the Fifth Circuit.

I

Hardin was convicted of aggravated robbery and sentenced to 75 years' imprisonment. *State v. Hardin*, No. F05-58165, (194th Jud. Dist. Ct., Dall. Cnty., May 14, 2007), *aff'd*, No. 05-07-00682-CR, 2008 WL 2190984 (Tex. App.—Dallas May 28, 2008, pet. dism'd). This court denied his habeas corpus petition under 28 U.S.C. § 2254, and the Fifth Circuit denied a certificate of appealability. *Hardin v. Stephens*, No. 3:13-CV-0974-D, 2014 WL 1724849, at *1 (N.D. Tex. Apr. 30, 2014) (Fitzwater, C.J.), *cert. of appealability denied*, No. 14-10586 (5th Cir. Mar. 10, 2015) (per Haynes, J.). On July 8, 2020 Hardin filed his first motion for post-conviction relief under Rule 60(b) to challenge the affirmative finding that he used a

deadly weapon during the commission of the offense and raise a related claim of ineffective assistance of counsel. On August 3, 2020 the court construed his motion as a successive habeas corpus petition and transferred it to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit, however, denied Hardin's motion for authorization to file a successive § 2254 because he failed to make the requisite showing. *Ex parte Hardin*, No. 20-10791 (5th Cir. Apr. 9, 2021) (per curiam).

Hardin seeks Rule 60(b) relief once again. He now challenges this court's denial of his § 2254 habeas corpus petition and the Fifth Circuit's denial of a certificate of appealability. In substance, he reiterates several of the claims raised in his § 2254 petition: denial of counsel due to a conflict of interest, police misconduct, ineligibility as habitual offender, defective jury charge errors, sufficiency of the evidence, and prosecutorial misconduct.

II

When a petitioner files a Rule 60(b) motion following the denial of an application for habeas relief, the court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). A pleading styled as a Rule 60(b) motion that raises new "claims" or attacks the district court's merits-based resolution of prior habeas claims should be construed as a successive habeas application. *See id.* at 531-32 & n.4 (concluding that Rule 60(b) motion advances a "claim" when it "add[s] a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits"); *Webb v. Davis*, 940 F.3d 892,

-2-

897-98 (5th Cir. 2019) (same).  On the other hand, a Rule 60(b) motion that challenges "'some defect in the integrity of the federal habeas proceedings' or a procedural ruling that precluded a merits determination should not be construed as an unauthorized successive habeas application."  *Webb*, 940 F.3d at 898 (quoting *Gonzalez*, 545 U.S. at 532, 535-36).

Procedural defects, however, "must be 'narrowly construed' when considering whether motions are subject to the limits on successive habeas petitions."  *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (per curiam).  "[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks."  *Id.* (quoting *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)).  Stated another way, purported attacks on the integrity of the habeas proceedings cannot hinge substantively on a merits-based argument.  *Id.* at 360; *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) ("To bring a proper Rule 60(b) claim, a movant must show a non-merits-based defect in the district court's earlier decision on the federal habeas petition." (internal quotations and quoted case omitted)).

The arguments in Hardin's present Rule 60(b) motion and other pleadings do not challenge the integrity of the federal habeas proceedings.  Instead, his pleadings present nothing more than prohibited merits-based challenges.  *See Hernandes*, 708 F.3d at 682 (concluding that "Rule 60(b) motion is, in fact, a § 2255 motion in disguise" when "it is precisely the sort of prohibited motion that 'attacks the federal court's previous resolution of a claim on the merits'" (quoted cases omitted; emphasis in original)).  Apart from a broad-

based argument that the state and federal habeas proceedings were constitutionally inadequate because Hardin was denied appointment of counsel, discovery, an evidentiary hearing, and a meaningful opportunity to be heard and present evidence, his lengthy arguments challenge in substance this court's determination of his claim on the merits. *See* ECF No. 53 at 47. Hardin does not complain of the habeas procedure; instead, he urges grounds for substantive relief. Consequently, the instant motions are the equivalent of a second or successive application, which the court lacks jurisdiction to review absent authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (providing that before a petitioner may file a second or successive application in the district court, a three-judge panel of the appropriate court of appeals must determine whether the application makes the requisite prima facie showing); *United States v. Denman*, 709 Fed. Appx. 282, 283 (5th Cir. 2018) (per curiam) (holding the district court correctly transferred to the court of appeals a Rule 60(b) motion, that was an unauthorized successive application).

\* \* \*

Hardin's motion for relief from judgment under Rule 60(b)(6) and motion for court-ordered response are construed as a successive habeas corpus petition and transferred to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

Because an order transferring a successive application is not a final order, a certificate of appealability is not needed. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015); *Brewer v. Stephens*, 605 Fed. Appx. 417, 417 (5th Cir. 2015) (per curiam).

**SO ORDERED**.

June 27, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE